UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Thomas Woodland,

Plaintiff,

v.

Joseph T. Ryerson & Son, Inc.,

Defendant.

File No. 00-CV-1492 (DWF/AJB)

**STIPULATION AND PROTECTIVE ORDER**

---

**WHEREAS**, it is anticipated that certain materials requested by Plaintiff and Defendant in the course of discovery will contain confidential information;

**WHEREAS**, the parties are willing to enter into a Stipulation and Protective Order as a condition to the disclosure of such confidential information and/or the inspection of documents containing such confidential information;

**WHEREAS**, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents, while allowing the opportunity for reasonable discovery;

**WHEREAS**, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of this document, whenever that may be,

**NOW, THEREFORE**, the parties, through their undersigned counsel, stipulate and agree as follows:

FILED MAR 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. This Stipulated Protective Order shall apply to: (a) documents, interrogatory answers, responses to requests for admission, and depositions which are hereafter produced, given, or supplied by either party to this action; (b) extracts and summaries prepared from such materials; (c) all information contained in or obtained from such material; (d) those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to such material.

2. Either party to this action may designate any of the materials listed in paragraph 1 as "confidential." Designation shall be made by stamping as "confidential" any document which is to be covered by this Stipulation and Protective Order, by written designation on interrogatory answers and responses to requests for admissions, and/or by designating deposition testimony as confidential by identifying the portion or portions of the deposition transcript to be considered confidential on the record during such deposition or within fifteen (15) days after the party desiring such designation receives the transcript of such deposition.

3. Materials subject to this Stipulation and Protective Order which are designated as "confidential" shall be disclosed only to: (a) the parties; (b) the counsel of record in this action (including members and associates of their firms, legal assistants, and secretarial and clerical personnel); (c) disclosed experts retained by the parties to work on this action; (d) stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action; (e) such persons as the undersigned

counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and (f) the Court.

4. Materials subject to this Stipulation and Protective Order shall be used only for the purposes of this litigation and not for any other purpose whatsoever unless ordered by this or any other Court.

5. The inadvertent or unintentional disclosure by a disclosing person of any of the materials listed in paragraph 1 considered by that person to be "confidential" shall not be deemed a waiver in whole or in part of a party's claim of protection under this Order, either as to the specific document, material or information disclosed or as to any other document, material or information relating thereto. Any such inadvertently or unintentionally disclosed discovery material shall be designated as "confidential" in conformance with paragraph 2 hereof as soon as reasonably possible after the producing person becomes aware of the erroneous disclosure and shall thereafter be treated in accordance with this Order by all receiving persons. Any disclosure of the inadvertently or unintentionally disclosed information prior to its designation as "confidential" shall not be a violation of this Stipulation and Protective Order.

6. If materials subject to this Stipulation and Protective Order are filed with the Court, they shall be filed under seal and in an envelope bearing the following description:

**CONFIDENTIAL**
**This envelope contains confidential**

**information subject to Protective Order and is not to be opened except pursuant to authority of the Court.**

7. Upon final determination of this action, counsel and all other recipients of materials subject to this Stipulation and Protective Order shall return such materials in their possession, and all copies made by them or at their direction, to the parties that originally produced such materials. The termination of proceedings in this action shall not, however, relieve any person to whom confidential information was disclosed from the provisions of paragraphs 3 and 4 of this Stipulation and Protective Order, unless such agreement would be incorporated in any settlement document.

8. The parties will make good faith attempts to resolve between themselves any disputes regarding particular designations of confidentiality.

9. If the parties are unable to resolve any such dispute, any party may proceed by notice of motion and motion to the Court to determine the propriety of such designation.

10. The counsel of record are responsible for employing reasonable measures to control, consistent to this Stipulation and Protective Order, the duplication of, access to, and distribution of copies of confidential documents.

11. The counsel of record hereby jointly apply to the Court for an entry of an Order in accordance with this Stipulation and Protective Order.

12. The Order entered pursuant to the terms of this Stipulation and Protective Order shall be without prejudice to the rights of any party to seek modification of its provisions upon motion duly noted and served.

13. The provisions of the Order entered pursuant to this Stipulation and Protective Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction for purpose of assuring compliance with the Stipulation and Protective Order and granting such other and further relief as may be necessary.

**SO STIPULATED:**

Date: 3.20., 2001

WALSH LAW FIRM

By [signature]

Christopher R. Walsh (#199813)
270 Grain Exchange N. Bldg.
301 Fourth Avenue South
Minneapolis, MN 55415
Telephone: (612) 677-8300

Attorney for Plaintiff Thomas Woodland

Date: March 19, 2001

DORSEY & WHITNEY LLP

By [signature]
Jean F. Holloway (#214127)
Matthew E. Klein (# 258957)
Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600

Attorneys for Defendant Joseph T. Ryerson & Son, Inc.

**SO ORDERED.**

Date: 3/21, 2001

BY THE COURT:

[signature]
Arthur J. Boylan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.